IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JEFFREY ROCKMAN & \*
SONJA ROCKMAN,
\*
    Plaintiffs,
\*
       v.                                             Civil Action No.: RDB-16-1169
\*
UNION CARBIDE CORP., *et al.*,
\*
    Defendants.
\*

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

Plaintiff Jeffrey Rockman and his wife, Sonja Rockman, (collectively "Plaintiffs" or "the Rockmans") have brought this action against Defendants Union Carbide Corporation ("Union Carbide") and Georgia-Pacific, LLC ("Georgia-Pacific")[1], alleging Strict Liability (Count One); Breach of Warranty (Count Two); Negligence (Count Three); Fraud (Count Four); Conspiracy (Count Five); Market Share Liability (Count Six); and Loss of Consortium (Count 7), in connection with Mr. Rockman's alleged exposures to Defendants' asbestos-containing product during three home repairs in the summer of 1965, June of 1973, and early 1976, which the Plaintiffs now contend have caused him to develop Mesothelioma[2]. Short Form Compl., p. 8, ECF No. 2[3]; Jeffrey Rockman Dep., pp. 36-88; 111-125; 133-160, ECF No. 174-2. This action was initially filed in the Circuit Court for Baltimore City,

---

[1] Kaiser Gypsum Company, Inc. ("Kaiser Gypsum") remains listed as a Defendant, but has subsequently filed a Suggestion of Bankruptcy (ECF No. 143) and is no longer participating in this case.
[2] The Supreme Court of the United States in *Norfolk & W. Ry. Co. v. Ayers*, 538 U.S. 135, 142 (2003) has defined "mesothelioma" as "a fatal cancer of the lining of the lung or abdominal cavity."
[3] The Rockmans have filed a "Short Form Complaint," adopting sections of the "Other Asbestos Cases Master Complaint," which is customary for asbestos actions filed in the Circuit Court for Baltimore City, Maryland.

1

Maryland, but Union Carbide has subsequently removed the case to this Court. Although Plaintiffs initially named an additional twenty-four Defendants in this action, they have since voluntarily dismissed all claims against those Defendants, including all Defendants with corporate citizenship in Maryland, thereby rendering this case removable based on diversity of citizenship[4]. *See* Memorandum Order, ECF No. 114 (granting Stipulations of Dismissal).

Currently pending before this Court are the following five unopposed motions for partial summary judgment: Defendants' Joint Motion for Partial Summary Judgment and to Exclude Opinion Evidence on Any Claim Based on Unrelated Kidney Cancer (ECF No. 154); Union Carbide's Motion for Partial Summary Judgment on Breach of Warranty, Fraud, Market Share Liability, Conspiracy, and Punitive Damages (ECF No. 155); Georgia-Pacific's Motion for Summary Judgment on Plaintiff's Claims of Civil Conspiracy, Fraud and Aiding and Abetting (ECF No. 157); Georgia-Pacific's Motion for Summary Judgment on Plaintiff's Claim for Breach of Warranty (ECF No. 158); and Georgia-Pacific's Motion to Dismiss, or, in the Alternative, for Summary Judgment on Plaintiffs' Claims for Punitive Damages (ECF No. 163). The parties' submissions have been reviewed, and no hearing on these five unopposed motions is necessary. *See* Local Rule 105.6 (D. Md. 2016).[5]

For the reasons stated herein, Defendants' Unopposed Joint Motion for Partial Summary Judgment and to Exclude Opinion Evidence on Any Claim Based on Unrelated Kidney Cancer (ECF No. 154) is GRANTED. Accordingly, Judgment shall be entered for Defendants as to any claim based on Mr. Rockman's earlier-diagnosed kidney cancer, and

---

[4] *See* 28 U.S.C. § 1332.
[5] Also pending before this Court are Defendants Union Carbide and Georgia-Pacific's motions for summary judgment as to all remaining claims against them (ECF Nos. 156 & 159) and motions to exclude certain expert opinions (ECF Nos. 161 & 162). The Plaintiffs have opposed these motions, and a hearing on these additional motions is now scheduled for July 6, 2017 at 10:30 a.m.

Plaintiffs' expert Dr. Arthur Frank shall not testify that Mr. Rockman's kidney cancer was caused by asbestos exposure. Additionally, Union Carbide's Unopposed Motion for Partial Summary Judgment on Breach of Warranty, Fraud, Market Share Liability, Conspiracy, and Punitive Damages (ECF No. 155) is GRANTED; Georgia-Pacific's Unopposed Motion for Summary Judgment on Plaintiff's Claims of Civil Conspiracy, Fraud and Aiding and Abetting (ECF No. 157) is GRANTED; Georgia-Pacific's Unopposed Motion for Summary Judgment on Plaintiff's Claim for Breach of Warranty (ECF No. 158) is GRANTED; and Georgia-Pacific's Unopposed Motion for Summary Judgment on Plaintiffs' Claims for Punitive Damages (ECF No. 163) is also GRANTED. Therefore, Judgment shall be entered for Defendants as to Mr. Rockman's Breach of Warranty claim (Count Two), Fraud claim (Count Four), Conspiracy claim (Count Five), and Market Share Liability claim (Count Six); any aiding and abetting claim against Georgia-Pacific; and the Rockmans' request for punitive damages. Punitive damages shall not be awarded in this case. Accordingly, there are three remaining counts against Defendants Union Carbide and Georgia-Pacific: Mr. Rockman's Strict Liability claim (Count One), Mr. Rockman's Negligence claim (Count Three), and the Rockmans' Loss of Consortium claim (Count Seven).

## BACKGROUND

Plaintiff Jeffrey Rockman and his wife Sonja Rockman (collectively "Plaintiffs" or "the Rockmans") live in Timonium, Maryland. Jeffrey Rockman Dep., p. 10, ECF No. 174-2. Mr. Rockman was diagnosed with Mesothelioma on October 28, 2014. *See* Attach. to Short Form Compl., ECF No. 2-2. Prior to his illness, Mr. Rockman was a partner in the

Towson, Maryland law firm of Serotte, Rockman & Wescott, P.A., although he has indicated in an October 27, 2015 deposition that he is no longer able to work. Rockman Dep. at 12.

Mr. Rockman has stated that he was exposed to an asbestos-containing product only three times in his life: during a repair to the bedroom ceiling of his Brooklyn, New York apartment in the summer of 1965, repairs to the foyer and living room walls of his Baltimore, Maryland apartment in June of 1973, and a repair to the living room ceiling and dining room walls of his prior home on Broadmoor Road in Baltimore, Maryland in early 1976. *See* Rockman Dep. at 36-88; 111-125; 133-160. On all three occasions, Mr. Rockman did not perform the repairs himself, but rather hired "workmen" or "handymen." *Id.* Mr. Rockman contends that Georgia-Pacific Ready Mix joint compound was used in all three repairs, that the joint compound contained chrysotile asbestos, and that its use generated asbestos-containing dust, to which Mr. Rockman was exposed. *Id.*

From 1963 to 1985, Union Carbide Corporation ("Union Carbide") mined, milled, manufactured and marketed to other asbestos product manufacturers a particular chrysotile asbestos product under the trade name Calidria asbestos. *See* Union Carbide's Answers to Plaintiffs' First Set of Interrogatories and Request for Production of Documents in the United States District Court for the District of South Carolina, ECF No. 174-3. There is no dispute that Georgia-Pacific purchased Calidria for use in its joint compound products in approximately 1970. Mr. Rockman concedes that he was not exposed to Union Carbide Calidria prior to 1970, during the repair to his New York apartment in the summer of 1965.

Plaintiffs Jeffrey and Sonja Rockman have now brought this action against Defendants Union Carbide and Georgia-Pacific, adopting several claims set forth in the

4

"Other Asbestos Cases Master Complaint" in the Circuit Court for Baltimore City, Maryland. *See* Short Form Compl., p. 8, ECF No. 2. Specifically, Mr. Rockman has brought claims for Strict Liability (Count One), Breach of Warranty (Count Two), Negligence (Count Three), Fraud (Count Four), Conspiracy (Count Five), and Market Share Liability (Count Six). *Id.* The Rockmans have jointly raised an additional claim for Loss of Consortium (Count Seven). *Id.* This case was initially brought in the Circuit Court for Baltimore City, but was subsequently removed to this Court by Union Carbide. Now pending before this Court are Georgia-Pacific's and Union Carbide's five unopposed motions for partial summary judgment as to several of the Rockmans' claims.[6]

## STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A material fact is one that "might affect the outcome of the suit under the governing law." *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (quoting *Anderson v. Liberty*

---

[6] Also pending before this Court is Georgia-Pacific's Motion for Leave to Serve Third-Party Subpoena (ECF No. 152), in which Georgia-Pacific requests leave to serve a subpoena *duces tecum* on Gorfine, Schiller & Gardyn, P.A., a third-party accounting firm identified as the administrator of the profit-sharing plan of Mr. Rockman's law firm. Georgia-Pacific has indicated that it learned during the October 28, 2016 deposition of Mr. Rockman's law partner, Neal Serotte, two days before the close of discovery, that Mr. Rockman has in fact been "physically present" at the firm "Monday through Friday for at least some portion of the day" and is "receiving a payout from the Firm's profit sharing plan." Mot., ¶ 4, ECF No. 152. Georgia-Pacific represents that the proposed subpoena "is limited in nature to obtaining information about the profit-sharing plan in order to gather information as to Mr. Rockman's current economic status" and that granting Georgia-Pacific leave to serve the subpoena "will not delay any future deadlines in this case." *Id.*, ¶¶ 6-7. Mr. Rockman objects to Georgia-Pacific's request only on the grounds that the previously ordered November 1, 2016 discovery deadline in this case has now passed. Opp'n, ECF No. 153. Although discovery in this case has closed, "District courts exercise broad discretion over discovery issues." *Seaside Farm, Inc. v. United States*, 842 F.3d 853, 860 (4th Cir. 2016). Mr. Rockman has identified no reason why granting Georgia-Pacific's limited request would unfairly prejudice his case. Accordingly, Georgia-Pacific's Motion for Leave to Serve Third-Party Subpoena (ECF No. 152) is now GRANTED.

*Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A genuine issue over a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. When considering a motion for summary judgment, a judge's function is limited to determining whether sufficient evidence exists on a claimed factual dispute to warrant submission of the matter to a jury for resolution at trial. *Id.* at 249. In undertaking this inquiry, this Court must consider the facts and all reasonable inferences in the light most favorable to the nonmoving party. *Libertarian Party of Va.*, 718 F.3d at 312; *see also Scott v. Harris*, 550 U.S. 372, 378 (2007). This Court "must not weigh evidence or make credibility determinations." *Foster v. University of Md.-Eastern Shore*, 787 F.3d 243, 248 (4th Cir. 2015) (citing *Mercantile Peninsula Bank v. French*, 499 F.3d 345, 352 (4th Cir. 2007)). However, this Court must also abide by its affirmative obligation to prevent factually unsupported claims and defenses from going to trial. *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993).

## ANALYSIS

I. Judgment Shall Be Entered for Defendants Union Carbide and Georgia-Pacific as to Any Claim Based on Mr. Rockman's Kidney Cancer

Defendants Union Carbide and Georgia-Pacific have indicated to this Court that Plaintiff Jeffrey Rockman was diagnosed with "unrelated stage one kidney cancer" in 2004, "ten years before he developed mesothelioma, and eleven years before Plaintiffs filed this lawsuit." Mem. Supp. Mot., p. 1, ECF No. 154-1. Plaintiffs have not discussed Mr. Rockman's kidney cancer diagnosis either in their Short Form Complaint or in their subsequent filings in this Court. However, Dr. Arthur Frank, one of Plaintiffs' medical experts, has testified at his deposition that he believes Mr. Rockman's kidney cancer was caused by asbestos exposure. Dr. Frank Dep., p. 8, ECF No. 154-2. "Out of an abundance

of caution," Defendants have now jointly moved for summary judgment as to any claim based on Mr. Rockman's kidney cancer. Defendants further request that this Court prohibit Dr. Frank from testifying "that Mr. Rockman had an asbestos-related kidney cancer." Plaintiffs have filed a notice of non-opposition to the Defendants' motion (ECF No. 166).

Plaintiffs have not alleged in their Short Form Complaint that Mr. Rockman developed *kidney cancer* as a result of asbestos exposure. They have alleged only that his *Mesothelioma*, diagnosed on October 28, 2014, was caused by the asbestos exposures detailed *supra*. *See* Attach. to Short Form Compl., ECF No. 2-2. Aside from Dr. Frank's statement, there is no other evidence in the record even suggesting that Mr. Rockman developed kidney cancer as a result of exposure to asbestos. In fact, Plaintiffs' other medical expert, Dr. Jerrold Abraham, does not believe that Mr. Rockman's kidney cancer was caused by asbestos exposure. Dr. Abraham Dep., p. 29, ECF No. 154-3. Even if Plaintiff had raised a claim based on Mr. Rockman's kidney cancer, that claim would be barred by Maryland's three-year statute of limitations, as Mr. Rockman was diagnosed with kidney cancer in 2004, but did not file this action until 2015. *See* MD. CODE ANN., CTS. & JUD. PROCS., § 5-101. Any claim that his kidney cancer was caused by asbestos exposure fails as a matter of law.

In ruling on a motion for summary judgment, this Court must abide by its affirmative obligation to prevent factually unsupported claims and defenses from going to trial. *Drewitt*, 999 F.2d at 778-79. For the reasons explained herein, and with no opposition from the Plaintiffs, Defendants' Joint Motion for Partial Summary Judgment and to Exclude Opinion Evidence on Any Claim Based on Unrelated Kidney Cancer (ECF No. 154) is GRANTED. Judgment shall be entered for Defendants Union Carbide and Georgia-Pacific as to any

7

claim based on Mr. Rockman's kidney cancer and, accordingly, Dr. Frank shall not testify that Mr. Rockman's kidney cancer was caused by asbestos exposure.

II. Judgment Shall Be Entered for Defendants Union Carbide and Georgia-Pacific as to Plaintiff Jeffrey Rockman's Breach of Warranty Claim (Count Two)

Defendants Union Carbide and Georgia-Pacific have moved for summary judgment as to Plaintiff's Breach of Warranty claim (Count Two), *see* Short Form Complaint, p. 8, ECF No. 2, on the ground that Count Two is barred by MD. CODE ANN., COM. LAW § 2-725. Plaintiff does not oppose these motions. *See* Notices of Non-Opposition, ECF Nos. 167 & 168. Section 2-725(1) of Maryland's Commercial Law Article provides that "[a]n action for breach of any contract for sale must be commenced within four years after the cause of action has accrued." "A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach." *Id.* at 2-725(2). With limited exceptions, "[a] breach of warranty occurs when tender of delivery is made." *Id.*

This Court has affirmed this rule in *Vass v. Compaq Computer Corp.*, 953 F. Supp. 114, 120 (D. Md. 1997) ("A warranty claim accrues on the date the product is delivered."); *see also Phipps v. Gen. Motors Corp.*, 363 A.2d 955, 962 (Md. 1976) ("A cause of action in a warranty case accrues 'when tender of delivery is made.' "). In this case, Mr. Rockman's last alleged exposure to an asbestos-containing product was early 1976, approximately forty years prior to the filing of the Short Form Complaint in this action. *See* Jeffrey Rockman Dep., pp. 133-134; 149; 150, ECF No. 174-2. Accordingly, Plaintiff's Breach of Warranty claim is now barred by Maryland's four-year statute of repose. Mr. Rockman has failed to establish breach of warranty, as a matter of law. For this reason, and with no objection from Mr. Rockman, Union Carbide's Omnibus Motion for Partial Summary Judgment (ECF No. 155)

8

is GRANTED as to Mr. Rockman's Breach of Warranty claim (Count Two); and Georgia-Pacific's Motion for Summary Judgment (ECF No. 158) is also GRANTED as to Mr. Rockman's Breach of Warranty claim (Count Two). Therefore, Judgment shall be entered for Defendants Union Carbide and Georgia-Pacific as to Breach of Warranty (Count Two).

III. <u>Judgment Shall Be Entered for Defendants Union Carbide and Georgia-Pacific as to Plaintiff Jeffrey Rockman's Fraud Claim (Count Four)</u>

Defendants Union Carbide and Georgia-Pacific have also moved for summary judgment as to Plaintiff Jeffrey Rockman's Fraud claim in Count Four of the Short Form Complaint (ECF No. 2). Plaintiff does not oppose these motions. *See* Notices of Non-Opposition, ECF Nos. 167 & 169. "Under Maryland law, proof of fraud must be 'clear and convincing and such as will appeal strongly to the conscience of the court . . . .'" *Finch v. Hughes Aircraft Co.*, 469 A.2d 867, 887 (Md. 1984) (quoting *Peurifoy v. Congressional Motors, Inc.*, 255 A.2d 332 (Md. 1969). "[T]he elements of a cause of action for fraud are (1) that defendant made a misrepresentation of a material fact which was false; (2) that its falsity was known to him; (3) that defendant made the misrepresentation for the purpose of defrauding plaintiff; (4) that plaintiff not only relied upon the misrepresentation but had the right to do so and would not have done the thing from which the damage resulted if it had not been made; and (5) that plaintiff suffered damage from defendant's misrepresentation." *Id.* " '[M]ere non-disclosure of facts known to defendant without intent to deceive is not fraud and is not actionable under Maryland law unless there exists a separate duty of disclosure.' " *Herbert v. Saffell*, 877 F.2d 267, 271 (4th Cir. 1989) (quoting *Finch*, 469 A.2d at 888).

In this case, Mr. Rockman has offered no evidence that either Union Carbide or Georgia-Pacific provided him false information or that they did so with the "purpose of

defrauding [him]." Additionally, no evidence in the record suggests that a "separate duty of disclosure" existed between Mr. Rockman and either of the Defendants. Plaintiff has not come close to reaching the "clear and convincing" standard of proof necessary to prevail on a fraud claim under Maryland law, nor does Plaintiff contend that he has. Plaintiff has failed to establish fraud, as a matter of law. Accordingly, Union Carbide's Omnibus Motion for Partial Summary Judgment (ECF No. 155) is GRANTED as to Mr. Rockman's Fraud claim (Count Four); and Georgia-Pacific's Motion for Summary Judgment (ECF No. 157) is also GRANTED as to Mr. Rockman's Fraud claim (Count Four). Judgment shall be entered for Defendants Union Carbide and Georgia-Pacific as to Plaintiff's Fraud claim (Count Four).

IV. <u>Judgment Shall Be Entered for Defendants Union Carbide and Georgia-Pacific as to Plaintiff Jeffrey Rockman's Conspiracy Claim (Count Five)</u>

Defendants Union Carbide and Georgia-Pacific have additionally moved for summary judgment as to Plaintiff Jeffrey Rockman's Conspiracy claim (Count Five). *See* Short Form Complaint, p. 8, ECF No. 2. Mr. Rockman does not oppose these motions. *See* Notices of Non-Opposition, ECF Nos. 167 & 169. The United States Court of Appeals for the Fourth Circuit has observed that "[u]nder Maryland law, civil conspiracy is defined as the 'combination of two or more persons by an agreement or understanding to accomplish an unlawful act or to use unlawful means to accomplish an act not in itself illegal, with the further requirement that the act or the means employed must result in damages to the plaintiff.' " *Marshall v. James B. Nutter & Co.*, 758 F.3d 537, 541 (4th Cir. 2014) (quoting *Hoffman v. Stamper*, 867 A.2d 276, 290 (Md. 2005)). "In addition to proving an agreement, 'the plaintiff must also prove the commission of an overt act, in furtherance of the agreement, that caused the plaintiff to suffer actual injury.' " *Id.*

10

Plaintiff has provided no evidence that Union Carbide or Georgia-Pacific entered into an agreement to commit an unlawful act and committed an "overt act" in furtherance of that agreement. Mr. Rockman has failed to establish conspiracy, as a matter of law. Accordingly, Union Carbide's Omnibus Motion for Partial Summary Judgment (ECF No. 155) is GRANTED as to Mr. Rockman's Conspiracy claim (Count Five); and Georgia-Pacific's Motion for Summary Judgment (ECF No. 157) is also GRANTED as to Mr. Rockman's Conspiracy claim (Count Five). Judgment shall be entered for Defendants Union Carbide and Georgia-Pacific as to the Conspiracy claim (Count Five).[7]

V. Judgment Shall Be Entered for Defendants Union Carbide and Georgia-Pacific as to Plaintiff Jeffrey Rockman's Market Share Liability Claim (Count Six)

Defendant Union Carbide has additionally moved for summary judgment as to Plaintiff Jeffrey Rockman's claim of Market Share Liability (Count Six). *See* Short Form Complaint, p. 8, ECF No. 2. Mr. Rockman does not oppose this motion. *See* Notice of Non-Opposition, ECF No. 167. It is well-established that "market share liability" is not recognized under Maryland law. *See, e.g., Reiter v. Pneumo Abex, LLC*, 8 A.3d 725, 730 (2010). As this Court has observed in *Lee v. Baxter Healthcare Corp.*, 721 F. Supp. 89, 93 (D. Md. 1989), *aff'd sub nom. Lee v. Baxter Health Care Corp.*, 898 F.2d 146 (4th Cir. 1990), "Maryland courts apply traditional products liability law which requires the plaintiff to prove that the

---

[7] Georgia-Pacific has also moved for summary judgment as to any claims of "aiding and abetting." *See* Mem. Supp. Mot., p. 4, ECF No. 157-1. As noted *supra*, Mr. Rockman does not oppose this motion. Under Maryland law, "[a] defendant is civilly liable as an aider and abettor where '(1) [there is] a violation of the law (tort) by the 'principal,' (2) defendant knew about the violation, and (3) defendant gave substantial assistance or encouragement to [the principal] to engage in the tortious conduct.'" *Alleco Inc. v. Harry & Jeanette Weinberg Found., Inc.*, 665 A.2d 1038, 1043 (1995) (citation omitted). In this case, Plaintiff has neither identified the alleged tortfeasor with respect to any "aiding and abetting" claim against Georgia-Pacific, nor presented any evidence that Georgia-Pacific provided "substantial assistance or encouragement" to that tortfeasor. Accordingly, Georgia-Pacific's Motion for Summary Judgment (ECF No. 157) is also GRANTED with respect to any claims of aiding and abetting. Judgment shall be entered for Georgia-Pacific as to those claims.

defendant manufactured the product which allegedly caused the injury." Plaintiff's Market Share Liability claim fails as a matter of law. Therefore, Union Carbide's Omnibus Motion for Partial Summary Judgment (ECF No. 155) is GRANTED as to Mr. Rockman's Market Share Liability claim (Count Six). Judgment shall be entered for Union Carbide as to Plaintiff's Market Share Liability claim (Count Six). To the extent Mr. Rockman has also raised a Market Share Liability claim against Georgia-Pacific, judgment is also entered for Georgia-Pacific on that claim, for the same reasons discussed *supra*.

VI. <u>Punitive Damages Shall Not Be Awarded in this Case</u>

Defendants Union Carbide and Georgia-Pacific have further moved for summary judgment as to punitive damages. *See* Union Carbide Omnibus Mot., ECF No. 155; Georgia-Pacific Mot., ECF No. 163. Plaintiffs have again filed notices of non-opposition to these motions (ECF Nos. 167 & 170). Under Maryland law, a plaintiff in a tort action "must prove that a defendant had actual malice in order to obtain punitive damages." *Biktasheva v. Red Square Sports, Inc.*, 366 F. Supp. 2d 289, 295 (D. Md. 2005) (citing *Montgomery Ward v. Wilson,* 664 A.2d 916, 930 n. 5 (Md. 1995)). The Court of Appeals of Maryland has explained in *Owens–Illinois, Inc. v. Zenobia,* 601 A.2d 633, 650 (Md. 1992) that "punitive damages are awarded in an attempt to punish a defendant whose conduct is characterized by evil motive, intent to injure, or fraud, and to warn others contemplating similar conduct of the serious risk of monetary liability." This Court recently observed in *Cavey v. Mach Trucking LLC*, No. GLR-16-1339, 2016 WL 5462791, at *2 (D. Md. Sept. 29, 2016) that "[i]n *Zenobia . . .* the Maryland Court of Appeals . . . heightened the standard for recovering punitive damages." "Under *Zenobia*, a plaintiff must demonstrate the tortfeasor acted with actual

12

malice, meaning the 'defendant's conduct was characterized by evil motive, intent to injure, ill will, or fraud.' " *Id.* (quoting *Zenobia*, 601 A.2d at 652). "A defendant acts with actual malice when he engages in 'knowing and deliberate wrongdoing.' " *Id.* (quoting *Ellerin v. Fairfax Sav., F.S.B.*, 652 A.2d 1117, 1123 (Md. 1995). "After *Zenobia*, punitive damages are reserved for 'punishing the most heinous of intentional torts and tortfeasors.' " *Id.* (quoting *Beall v. Holloway-Johnson*, 130 A.3d 406, 419 (Md. 2016)). "A plaintiff must prove the basis for punitive damages by clear and convincing evidence." *Id.* (citing *Zenobia*, 601 A.2d at 657).

With respect to Union Carbide, the Rockmans have failed as a matter of law to present "clear and convincing evidence" that Union Carbide acted with "actual malice" toward Jeffrey Rockman. Although Plaintiff is proceeding against Union Carbide under a failure to warn theory, Union Carbide did not market or sell raw asbestos fiber to the public. Rather, it is undisputed that Union Carbide's customers were sophisticated manufacturers of asbestos-containing products. Under Maryland law, " 'all manufacturers are held to the knowledge and skill of an expert.' " *Garlock, Inc. v. Gallagher*, 814 A.2d 1007, 1023 (Md. Ct. Spec. App. 2003) (quoting *Zenobia*, 601 A.2d at 644). The Court of Appeals of Maryland held in *Zenobia* "that the state of the art knowledge of one asbestos manufacturing company was attributable to a second company in the same business at the same time." *Id.* (citing *Zenobia*, 601 A.2d 645). Furthermore, while the adequacy of the warnings remains in dispute, it is undisputed that Union Carbide did in fact issue warning labels to its customers. For these reasons, and without opposition from the Plaintiffs, Plaintiffs' request for punitive damages fails as a matter of law. Union Carbide's Omnibus Motion for Partial Summary Judgment (ECF No. 155) is GRANTED as to punitive damages.

With respect to Georgia-Pacific, Plaintiffs have likewise failed as a matter of law to provide "clear and convincing evidence" that Georgia-Pacific acted with "actual malice" toward Jeffrey Rockman. Neither Plaintiffs' Short Form Complaint nor the Master Complaint alleges any specific conduct by Georgia-Pacific warranting an award of punitive damages. This Court has previously granted Georgia-Pacific summary judgment on the issue of punitive damages in a similar asbestos action, *Covington v. Owens-Illinois Glass Co.*, No. GLR-12-461, 2014 WL 12661857, at *2 (D. Md. June 3, 2014), *aff'd sub nom. Covington v. MCIC, Inc.*, 627 F. App'x 268 (4th Cir. 2016) (concluding that Plaintiffs had failed to establish that Defendants acted with "actual malice."). The record indicates that rather than acting with "evil motive, intent to injure, ill will, or fraud," *see Zenobia*, 601 A.2d at 652, Georgia-Pacific took measures to protect its customers around the time of Mr. Rockman's alleged exposure to Georgia-Pacific's joint compound. Georgia-Pacific placed warning labels on its product, even when not required by federal regulations. *See* Standards for Exposure to Asbestos Dust, 37 Fed. Reg. 11322 (June 7, 1972), ECF No. 163-33. Additionally, Georgia-Pacific began taking steps to remove asbestos from its products as early as 1971. *See* Oct. 7, 1971 Mem., ECF No. 163-27. For these reasons, and without opposition from the Plaintiffs, Plaintiffs' request for punitive damages fails as a matter of law. Accordingly, Georgia-Pacific's Motion for Summary Judgment on Plaintiffs' Claims for Punitive Damages (ECF No. 163) is GRANTED. Punitive damages shall not be awarded in this case against either Union Carbide or Georgia-Pacific.

# CONCLUSION

For these reasons, Defendants' Unopposed Joint Motion for Partial Summary Judgment and to Exclude Opinion Evidence on Any Claim Based on Unrelated Kidney Cancer (ECF No. 154) is GRANTED. Accordingly, Judgment shall be entered for Defendants as to any claim based on Mr. Rockman's earlier-diagnosed kidney cancer, and Plaintiffs' expert Dr. Arthur Frank shall not testify that Mr. Rockman's kidney cancer was caused by asbestos exposure. Additionally, Union Carbide's Unopposed Motion for Partial Summary Judgment on Breach of Warranty, Fraud, Market Share Liability, Conspiracy, and Punitive Damages (ECF No. 155) is GRANTED; Georgia-Pacific's Unopposed Motion for Summary Judgment on Plaintiff's Claims of Civil Conspiracy, Fraud and Aiding and Abetting (ECF No. 157) is GRANTED; Georgia-Pacific's Unopposed Motion for Summary Judgment on Plaintiff's Claim for Breach of Warranty (ECF No. 158) is GRANTED; and Georgia-Pacific's Unopposed Motion for Summary Judgment on Plaintiffs' Claims for Punitive Damages (ECF No. 163) is also GRANTED. Therefore, Judgment shall be entered for Defendants as to Mr. Rockman's Breach of Warranty claim (Count Two), Fraud claim (Count Four), Conspiracy claim (Count Five), and Market Share Liability claim (Count Six); any aiding and abetting claim against Georgia-Pacific; and the Rockmans' request for punitive damages. Punitive damages shall not be awarded in this case. Accordingly, there are three remaining counts against Defendants Union Carbide and Georgia-Pacific: Mr. Rockman's Strict Liability claim (Count One), Mr. Rockman's Negligence claim (Count Three), and the Rockmans' Loss of Consortium claim (Count Seven).

A separate Order follows.

Dated: June 22, 2017

_____/s/_____
Richard D. Bennett
United States District Judge